FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**   2022 MAY 26  7: II: 12

|  |  |
|---|---|
| MICROSOFT CORPORATION, a<br>Washington corporation,<br><br>       Plaintiff,<br><br>v.<br><br>JOHN DOES 1-2, CONTROLLING A<br>COMPUTER NETWORK AND THEREBY<br>INJURING PLAINTIFF AND ITS<br>CUSTOMERS,<br><br>       Defendants. | Civil Action No:<br><br>**FILED UNDER SEAL PURSUANT TO<br>LOCAL RULE 5** |

## BRIEF IN SUPPORT OF MICROSOFT'S MOTION FOR PROTECTIVE ORDER TEMPORARILY SEALING DOCUMENTS

Microsoft submits the following memorandum in support of its Motion for a Protective Order Sealing Documents.

## BACKGROUND

Microsoft has filed a Complaint and an *Ex Parte* Application for an Emergency Temporary Restraining Order and Order to Show Cause re Preliminary Injunction ("TRO Application") to prevent the activities of John Doe Defendants 1 and 2 (collectively "Defendants") who are engaged in harmful and malicious Internet activities directed at Microsoft, its customers, and the general public. Microsoft seeks *ex parte* relief in its TRO Application that will cease the irreparable harm resulting from Defendants' conduct. Microsoft seeks *ex parte* relief under seal because advance public disclosure or notice of the requested relief would allow Defendants to evade such relief and further prosecution of this action, thereby perpetuating the irreparable harm

- 1 -

at issue. The reasons for Microsoft's request are set forth in detail in the TRO Application filed concurrently herewith. Therefore, Microsoft requests that this case and all documents filed in this case be sealed pending execution of the temporary restraining order sought in Microsoft's TRO Application. Microsoft's requested sealing order is narrowly tailored to impose the least restriction on the public's right of access to information as possible. Microsoft requests that all sealed documents be immediately unsealed upon execution of the temporary restraining order.

## ARGUMENT

The First Amendment provides for public access to the courts, but that right of access is not without limits. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). Indeed, "the trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re The Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *see also Rushford v. New Yorker Magazine*, 846 F.2d 249, 253 (4th Cir. 1988) (stating that to place documents under seal, the court must determine "that the denial [of access] serves an important governmental interest and that there is no less restrictive way to serve that governmental interest.").

Under Fourth Circuit law, the district court must do the following prior to sealing court records: (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco*, 218 F.3d 282, 288 (4th Cir. 2000) (citing *In re Knight Pub.*[sic] *Co.*, 743 F.2d 231, 235-36 (4th Cir. 1984)); *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 294 (4th Cir. 2013) (finding no error to seal documents and noting "[t]he mere fact that a case is high profile in nature does not necessarily

- 2 -

justify public access").

The Federal Rules of Civil Procedure also recognize the important public and judicial interest in protecting confidential business information. *See* Fed. R. Civ. P. 26(c)(1)(G) (empowering courts to order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way"). Likewise, Supreme Court and Fourth Circuit authority recognize the necessity of non-public *ex parte* proceedings. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Lcal No. 70*, 415 U.S. 423, 439 (1974) ("Ex parte temporary restraining orders are no doubt necessary in certain circumstances. . . ."); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) ("[T]emporary restraining orders may be issued without full notice, even, under certain circumstances, *ex parte*[.]"); *Bell v. True*, 356 F. Supp. 2d 613, 617 n.3 (W.D. Va. 2005) ("Material allowed to be filed *ex parte* will of course be kept sealed, to prevent its disclosure outside of the court."); *see also Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005) (upholding sealing of *ex parte* search warrants based on risk that evidence will be destroyed).[1]

In this case, Microsoft's rights and interests in protecting its ability to obtain emergency *ex parte* temporary relief, and the necessity of sealing its pleadings is paramount over any competing public interest to *immediate* access to the information Microsoft requests be sealed.  If Microsoft's papers are not sealed, the relief sought would very likely be rendered fruitless and there is a substantial risk Defendants would destroy evidence.  Defendants are sophisticated

---

[1] This Court has recognized that "private interests, based not on the content of the material to be sealed, but instead on the relationship of the parties, might also have the potential to override even the stronger First Amendment presumptive right of public access." *Level 3 Commc'ns., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 583  (E.D. Va. 2009) (Davis, J.).

cybercriminals. The Bohrium Defendants conduct spearphishing operations causing victims to download malware that allows Defendants to gain access to and hack the target's computer network. Declaration of Christopher Coy In Support Of Microsoft's TRO Application ("Coy Decl.") ¶¶ 17, 23. This gives Bohrium operators long-term and surreptitious access to those networks, and allows them to then locate and exfiltrate sensitive information from them. *Id.* at ¶¶ 24, 28. If Defendants knew Microsoft sought the relief set forth in the TRO Application, they could quickly adapt the command and control infrastructure used to secretly establish themselves on a victim's network. *Id.* ¶¶ 44-45. Indeed, evidence shows that in the past, when Defendants became aware of efforts to mitigate or investigate their activities, they took steps to conceal their activities and to conceal the injury that had been caused to their victims, making it more difficult for their victims to adequately assess the damage or take steps to mitigate that injury going forward. *Id.* For example, once Defendants become aware that domains in its active infrastructure become known to the security community, they abandoned that infrastructure and moved to new infrastructure that is used to continue their efforts to intrude upon the computers of existing victims and new victims. *Id.*

Given Microsoft's actions against similar unlawful Internet activity, even disclosing that Microsoft has initiated this case risks giving Defendants the opportunity to change their command and control infrastructure. Based on similar actions, it is likely that Defendants in this case will take similar steps to destroy evidence and move their command and control infrastructure if they are given notice of the pending legal action against them.

The harm that would be caused by the public filing of Microsoft's Complaint and moving papers would far outweigh the public's right to access to that information. There is no need for the public to have immediate access to the Complaint, TRO Application, and supporting

documents while Microsoft is seeking *ex parte* relief which will only be effective if these materials remain under seal. Applying the balancing test set forth in governing law demonstrates that Microsoft's interest in obtaining effective relief outweighs any immediate public right to disclosure.

Microsoft only seeks to seal such information for a limited period of time, until after effective *ex parte* temporary relief has been obtained. After such point, sealing will no longer be necessary, and Microsoft will immediately commence efforts to provide Defendants notice of the preliminary injunction hearing and service of the Complaint—at which point, all documents will be unsealed and the public will be given full access to these proceedings. Microsoft, upon execution of the *ex parte* relief, will file with the Clerk of the Court a Notice that the temporary restraining order has been executed.

Should, however, the Court decide not to grant the *ex parte* relief Microsoft requests, Microsoft asks that such materials remain sealed for an indefinite period, as public disclosure or notice absent the *ex parte* relief requested would facilitate Defendants' harmful and malicious Internet activities.

Given the limited period of sealing as an alternative that balances the public interest in access with Microsoft's important interests in maintaining these materials under seal for a brief period of time, granting the instant request to seal is warranted and consistent with the legal framework for addressing this issue.

## CONCLUSION

Therefore, for all the foregoing reasons, Microsoft requests that this case and the following documents in particular be kept under seal in accordance with Fed. R. Civ. P. 26(c)(1) and Local Civil Rule 5, pending execution of the *ex parte* relief sought in the TRO Application:

1. Plaintiffs' Complaint and Appendices in support thereof;

2. Civil Cover Sheet;

3. Application for an Emergency Ex Parte Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction

4. Brief in Support of Emergency Ex Parte Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction

5. [Proposed] Order Granting Plaintiffs' Application for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction

6. Declaration of Christopher Coy in Support of Plaintiffs' Application for an Emergency Ex Parte Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction;

7. Declaration of Garylene Javier in Support of Plaintiffs' Application for an Emergency Ex Parte Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction;

8. Motion for Protective Order Temporarily Sealing Documents;

9. Brief in Support of Motion for Protective Order Temporarily Sealing Documents

10. The declaration of Gabriel M. Ramsey in Support of Motion for Protective Order Temporarily Sealing Documents;

11. [Proposed] Order Granting Plaintiffs' Motion for Protective Order Temporarily Sealing Documents; and

12. *Pro Hac Vice* Applications for Gabriel M. Ramsey, Garylene Javier, and Anna Z. Saber.

Microsoft respectfully requests that the case and these materials be sealed pending

execution of the *ex parte* temporary relief sought in Microsoft's TRO Application.  Microsoft

respectfully requests that immediately upon the execution of the temporary restraining order, the

instant case be unsealed and the foregoing documents be filed in the public docket.  Upon

execution of the *ex parte* relief, Microsoft will file with the Clerk of the Court a Notice that the

temporary restraining order has been executed.  Microsoft further requests that upon execution of

the temporary restraining order, Microsoft be permitted to disclose such materials as it deems

necessary, including to commence its efforts to provide Defendants notice of the preliminary

injunction hearing and service of the Complaint.

Microsoft respectfully requests that should the Court decide not to grant the *ex parte* temporary relief requested in Microsoft's TRO Application, that the materials be sealed indefinitely.

Dated: May 26, 2022                Respectfully submitted,

David Ervin (VA Bar. No. 34719)
Garylene Javier (*pro hac vice pending*)
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington DC 20004-2595
Telephone:  (202) 624-2500
Fax:          (202) 628-5116
dervin@crowell.com
gjavier@crowell.com

Gabriel M. Ramsey (*pro hac vice
pending*) Anna Z. Saber (*pro hac vice
pending*) CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone:  (415) 986-2800
Fax:          (415) 986-2827
gramsey@crowell.com
asaber@crowell.com

*Attorneys for Plaintiff Microsoft Corp.*

- 7 -