IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MICROSOFT CORPORATION, )<br>          Plaintiff, )<br>          )<br>v. )<br>          )<br>JOHN DOES 1-2, )<br>          )<br>          Defendants. ) | 1:22-cv-607 (LMB/WEF) |

## ORDER

Before the Court is a Report and Recommendation, [Dkt. No. 49] ("Report"), from a magistrate judge recommending that plaintiff Microsoft Corporation's ("plaintiff" or "Microsoft") Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2), [Dkt. No. 39] ("Motion for Default Judgment"), be granted as to defendants John Does 1-2 ("defendants") and the relief sought be awarded in the form of a permanent injunction. The Report, which was issued on January 10, 2024, advised the parties that any objection to the Report had to be filed within fourteen (14) days of its service, and that failure to file timely objections would waive appellate review of the proposed findings of fact, recommendations, and any resulting judgment. [Dkt. No. 49] at 27. Defendants have failed to appear, plead, or otherwise defend this action, and as of the close of business on January 29, 2024, no objections have been filed.

The Court has carefully reviewed the Report, which correctly found that subject-matter jurisdiction exists under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction); that personal jurisdiction over defendants is proper because the registries for the domains maintained by defendants are located in the Eastern District of Virginia and defendants have undertaken the acts alleged with knowledge that such acts would cause harm in the district; and that venue lies within the district under 28 U.S.C. § 1391(b). [Dkt. No.

49] at 11-12.  Defendants were properly served through publication and email pursuant to the means authorized by the Court in the May 27, 2022 and June 10, 2022 orders—with service of process occurring on June 2, 2022 and again on June 8, 2022.  Moreover, on June 2, 2022, all associated pleadings, declarations, and evidence were published on the publicly available website <www.noticeofpleadings.com/Bohrium>.  Id. at 13, 15 (finding that "the methods used by Microsoft to serve the complaint and summons, and additional pleadings and orders in this case, satisfy Due Process under Fed. R. Civ. P. 4(f)(3) and are reasonably calculated to notify defendants of this action").

Having reviewed the Report, [Dkt. No. 49], plaintiff's Motion for Default Judgment, and the supporting memorandum and exhibits [Dkt Nos. 39, 40, 43], the Court adopts the factual findings and conclusions of the Report as its own.  Specifically, the Court finds that, through perpetration of the Bohrium scheme, defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; the Lanham Act, 15 U.S.C. § 1114 et seq.; 15 U.S.C. § 1125(a), (c); and common law trespass to chattels, unjust enrichment, and conversion.  Microsoft's only requested relief is that the Court issue a permanent injunction prohibiting defendants from continuing to execute the Bohrium scheme and preventing defendants from further misusing Microsoft's registered trademarks and brands.  [Dkt. No. 37] at 14-18; [Dkt. Nos. 42, 43].  The Court adopts the recommendation in the Report to issue a permanent injunction against defendants, as set forth in Microsoft's Proposed Order for Permanent Injunction.  [Dkt. No. 42-1].

For these reasons, and as further explained in the Report, plaintiff's Motion for Default Judgment, [Dkt. No. 49], is GRANTED; and it is hereby

ORDERED that copies of this Order and all other pleadings and documents in this action, including orders, determinations, reports and recommendations of the Court Monitor, may be

served by any means authorized by law, including (1) transmission by email, facsimile, mail and/or personal delivery to the contact information provided by defendants to defendants' domain registrars and/or hosting companies and as agreed to by defendants in the domain registration or hosting agreements, (2) publishing notice on a publicly available Internet website, (3) by personal delivery upon defendants, to the extent defendants provided accurate contact information in the U.S.; (4) personal delivery through the Hague Convention on Service Abroad or similar treaties upon defendants, to the extent defendants provided accurate contact information in foreign countries that are signatory to such treaties.

To appeal any aspect of this Order, defendants must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order defendants want to appeal. Defendants need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives defendants' rights to appeal this decision.

The Clerk is directed to enter judgment in favor of plaintiff pursuant to Fed. R. Civ. P. 55(b), forward copies of this Order and the accompanying Order granting a permanent injunction to counsel of record, and close this civil action.

Entered this 30 day of January, 2024.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge